# ReedSmith

Mark L. Weyman
Direct Phone: +1 212 205 6090
Email: mweyman@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

September 14, 2012

**By ECF**

Honorable Robert W. Sweet, U.S.D.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

RE:   *In re: Century 21 Department Stores, LLC Fair and Accurate Credit Transactions Act (FACTA) Litigation*, **MDL Docket No. 2352 (ALL CASES)**

Dear Judge Sweet:

This letter is submitted jointly on behalf of all parties in the above-referenced MDL action, in advance of the initial pretrial conference scheduled for September 24, 2012. This letter is submitted in accordance with paragraph I.A of the Standing Order in *In re: Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York* (the "Standing Order," Docket #2). The parties have met and conferred in accordance with Fed. R. Civ. Proc. 26(f), and this letter reflects the results of such meet and confer sessions.

The parties have agreed upon the dates reflected in the Stipulation and Proposed Scheduling Order which is enclosed herewith. For ease of reference, we have followed the sequence of paragraph I.A of the Standing Order and the checklist referenced attached thereto as Exhibit A. The parties have agreed as follows.

I.   **Initial Pretrial Conference Checklist**

   1.   Possible limitations on document preservation. The parties have conferred on this issue and are continuing to investigate with their clients whether any such limitations are appropriate.

   2.   Initial disclosures pursuant to Rule 26(a)(1). Pursuant to the Order of Judge Brian Cogan of the Eastern District of New York, issued prior to the consolidation and transfer of these cases, Plaintiff Yaakov Katz and Defendant Century 21 Department Stores, LLC ("Century 21") have already exchanged initial disclosures in *Katz v. Century 21 Stores, LLC*, 12-cv-244 (E.D.N.Y.), and Defendant Century 21 has already served initial disclosures in *Torreblanca v. Century 21 Department Stores, LLC*, 12-cv-246 (E.D.N.Y.). As reflected in the proposed stipulation, the remaining plaintiffs shall serve initial disclosures on Century 21 on or before October 31, 2012.

**ReedSmith**

Hon. Robert W. Sweet
September 14, 2012
Page 2

3. Stay of discovery pending dispositive motion. As reflected in the proposed stipulation, plaintiffs are considering filing an amended consolidated complaint. In the event that plaintiffs file an amended consolidated complaint and Century 21 files a motion to dismiss such amended consolidated complaint, the parties agree to meet and confer regarding whether discovery should be stayed pending resolution of such motion.

4. Possibility of communication / coordination between the Magistrate Judge and District Judge. The parties defer to Your Honor's preferences with respect to this item but are content to remain before Your Honor for all purposes.

5. Preliminary issues that are likely to arise that will require court intervention. To date the parties have not identified any such issues, other than as described herein.

6. Discovery issues that are envisioned and how discovery disputes will be resolved. To date the parties have not identified any such issues, other than as described herein.

7. Proposed discovery.

    a. Limitations on types of discovery. The parties are not currently prepared to waive any types of discovery.

    b. Limitations on scope of discovery. The parties have agreed that plaintiffs shall not take any discovery into the specific identities of Century 21's customers other than plaintiffs, or any specific information related to specific customers other than plaintiffs, unless and until a class is certified. The parties have not currently agreed to any other limitations on the scope of discovery.

    c. Limitations on timing and sequence of discovery. As reflected in the proposed stipulation, the parties have agreed that initial written fact discovery shall precede any depositions. The parties have further agreed that merits expert discovery shall not commence until the resolution of plaintiffs' anticipated motion for class certification. The parties believe that this is the most efficient and cost-effective approach to discovery. The parties have not currently agreed to any other limitations on the timing and sequence of discovery.

    d. Limitations on restoration of electronically-stored information. The parties have agreed that any electronically-stored information which is not reasonably accessible need not be restored.

    e. Depositions of trial witnesses. No depositions of trial witnesses who were not previously deposed are anticipated at this time.

    f. Preservation depositions. No preservation depositions are anticipated at this time.

**ReedSmith**

Hon. Robert W. Sweet
September 14, 2012
Page 3

      g. Foreign discovery. No foreign discovery is anticipated at this time.

8. Schedule. See the proposed stipulation attached hereto.

9. Issues to be tried. The parties have not currently identified any:

      a. Ways in which issues can be narrowed to make trial more meaningful and efficient; or

      b. Issues as to which a mini-trial would be helpful.

10. Bifurcation. The parties have not agreed to any bifurcation.

11. Class certification issues. As reflected in paragraph I.7.c above, the parties have agreed that plaintiffs shall file a class certification motion, and such motion shall be fully resolved before any merits expert discovery commences.

12. ADR / mediation. The parties are interested in mediation of these actions, but believe that such mediation should be preceded by certain fact discovery.

13. Consent to trial before a Magistrate Judge. The parties do not consent to a trial before a Magistrate Judge.

14. Pleadings and the likelihood and timing of amendments. As noted in paragraph I.3 above, plaintiffs anticipate filing an amended consolidated complaint in accordance with the schedule in the proposed stipulation.

15. Joinder of additional parties. No joinder of additional parties is anticipated at this time.

16. Expert witnesses. As noted in paragraph I.7.c above, the parties are prepared to stay merits expert discovery until the resolution of plaintiffs' anticipated class certification motion.

17. Damages. Plaintiffs have disclaimed any actual damages and instead allege statutory damages only. Thus, the parties have not identified any issues regarding damages. The parties anticipate that damages discovery will occur simultaneously with all other fact and expert discovery.

18. Final pretrial order. The parties defer to Your Honor's preferences in this regard.

19. Possible trial-ready date. The parties have not yet agreed upon a possible trial-ready date.

20. Court logistics and mechanics. The parties defer to Your Honor's preferences in this regard.

21. Additional meet and confer sessions. The parties are amenable to additional meet and confer sessions.

**ReedSmith**

Hon. Robert W. Sweet
September 14, 2012
Page 4

### II. Proposed Schedule for Fact and Expert Discovery

A proposed schedule is set forth in the proposed stipulation attached hereto. With regard to the specific items listed in the Standing Order:

a. Recommendations for limiting the production of documents. The parties have reached agreement as described in paragraph I.7.b above.

b. Recommendations for limiting depositions. The parties have not reached any agreement to limit depositions.

c. Protocol and schedule for electronic discovery. The parties have reached agreement as reflected in the proposed stipulation and do not currently anticipate any disputes regarding the scope of electronic discovery.

d. Expert discovery. The parties agree that merits expert discovery should precede summary judgment motions, but as reflected in paragraph I.7.c above, the parties agree that merits expert discovery should follow resolution of plaintiffs' anticipated class certification motion.

e. Depositions. The parties have not yet reached agreement regarding allowing depositions preceding trial of trial witnesses not already deposed.

### III. Settlement Discussions or Mediation

The parties agree that settlement discussions and/or mediation would be appropriate after certain fact discovery, as reflected in paragraph I.12 above.

We appreciate Your Honor's consideration of these matters and we look forward to the initial pretrial conference on September 24, 2012.

Very truly yours,

*Mark L. Weyman* /EKF
Mark L. Weyman

Cc: All counsel of record (via ECF and email)