

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE CENTURY 21 DEPARTMENT STORES, LLC FAIR AND ACCURATE CREDIT TRANSACTION ACT (FACTA) LITIGATION.

12 MDL 2352 (RWS)

**STIPULATED PROTECTIVE ORDER**

This matter having come before the Court by stipulation of all parties in each of these consolidated actions (collectively, the "Parties," and each, a "Party"), for the entry of a protective order pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, limiting the review, copying, dissemination and filing of sensitive, confidential and/or proprietary documents, materials and information (collectively, "Documents") to be produced by any Party and its respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below, and the Parties, by their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown, a Protective Order is hereby entered as follows:

1.  Confidential Information, as defined herein, which is produced in the above-referenced action (the "Litigation") by a Party, an affiliate of a Party or any other person or entity that produces Documents, pursuant to formal process, by agreement, or otherwise (each, a "Producing Party"), shall be used by any Party that receives such Confidential Information (each, a "Receiving Party") solely in connection with this Litigation and for no other purpose. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof. The restrictions herein on the use and disclosure of Confidential Information shall also apply to any Documents generated by or for a



Receiving Party that discuss, summarize, analyze, reflect, disclose, or otherwise contain Confidential Information, and to any copies or reproductions, whether physical or electronic, of Confidential Information.

2. The Producing Party may designate any Documents produced in discovery, regardless of medium or format of storage or production, including, without limitation, all responses to requests for production of documents and tangible things, answers to interrogatories, responses to requests for admissions, deposition testimony, and other discovery taken in this Litigation, as "Confidential" under the terms of this Protective Order if it in good faith believes that such Documents contain nonpublic or confidential information requiring protection from public disclosure such as, without limitation, (i) personal information, (ii) financial information, (iii) personnel or medical records, (iv) confidential or sensitive business information, (v) trade secrets, (vi) information required by law or regulation to be protected from disclosure, or (vii) information which a Producing Party in good faith believes would, if disclosed, cause injury to its business or business relationship with others (collectively, hereinafter "Confidential Information"). "Confidential Information" shall not include Documents that are or become publicly available, that are obtained or generated by a Party without reference to Confidential Information or that are obtained from non-parties or sources not pursuant to this Protective Order.

3. A Producing Party shall designate any Document containing Confidential Information by stamping or otherwise marking on each page the word "**CONFIDENTIAL**," or otherwise stamping or marking the produced Documents in a similar manner to the extent practicable. When Confidential Information is produced in a

2

form not appropriate for such stamping or marking, it shall be designated in writing as Confidential Information at the time it is produced. Documents generated by or for a Receiving Party that discuss, summarize, analyze, reflect, disclose, or otherwise contain, Confidential Information shall be so stamped or marked by the Party or person generating the Document.

4.   A Producing Party may designate as "Highly Confidential – Attorneys' Eyes Only" any Document containing Confidential Information which it in good faith believes contains information that is highly sensitive and/or, if disclosed to another Party, could cause injury to the Producing Party's business or business relationships ("Highly Confidential Information"). A Producing Party shall designate any Document containing Highly Confidential Information by stamping or otherwise marking on each page the word "**HIGHLY CONFIDENTIAL**," or otherwise stamping or marking the produced Documents in a similar manner to the extent practicable. Except where otherwise specified, all references herein to Confidential Information or the "**CONFIDENTIAL**" designation shall be equally applicable to Documents designated as Highly Confidential Information or the "**HIGHLY CONFIDENTIAL**" designation. Except as otherwise indicated, all provisions herein shall be read as if they were also accompanied by a separate provision providing for the same terms with respect to Highly Confidential Information.

5.   Failure of any Producing Party to designate Confidential Information as "**CONFIDENTIAL**" as provided herein shall not preclude that Party from thereafter in good faith making such a designation after discovering the inadvertent omission of the designation. Documents so designated shall be fully subject to this Protective Order and

treated thereafter according to the **CONFIDENTIAL** designation. A Receiving Party, however, shall incur no liability for disclosures made prior to notice of such designation.

6. Before or during a deposition, and for up to thirty days after receipt of the final transcript of that deposition, counsel for any Party or the witness may designate portions of the deposition as "**CONFIDENTIAL**." This may be done before or after a deposition by sending notice to opposing counsel specifying the portion of the deposition to be so designated. This may be done during a deposition by a comparable announcement on the record. The designated portions of the deposition shall be appropriately labeled by the court reporter or videographer. If the designation is made after the court reporter has prepared the transcript, then each counsel shall be responsible for appropriately labeling all of his or her copies of the deposition transcript. If a confidentiality designation is not made before or during a deposition, the entire deposition transcript shall be treated as Confidential Information until thirty days after receipt of the final transcript of that deposition.

7. Except with the prior written consent of the Producing Party or by Order of the Court, no Documents designated as "**CONFIDENTIAL**" shall be disclosed to any person or entity other than:

   (a) Each Party to these actions who has been advised of its obligations hereunder;

   (b) Counsel of record and employees of such counsel of record (such as paralegals, clerks, secretaries and attorneys) involved in the Litigation;

(c) Consultants, experts and vendors (and their respective employees involved in their work on this Litigation) who are retained by any Party or its counsel to furnish services in connection with the Litigation and who sign the certification in the form attached hereto as "Exhibit A" (the "Certification");

(d) Trial and appellate courts in which the Litigation is or may be pending and their support personnel;

(e) Court reporters and videographers and their support personnel retained in connection with depositions taken by any Party in the Litigation, to the extent necessary to transcribe the deposition testimony and identify or copy exhibits marked in the course of the deposition; and

(f) Any person deposed in connection with the Litigation, and counsel for any such person, to the extent necessary for purposes of that person's deposition.

8. Except with the prior written consent of the Producing Party or by Order of the Court, no Documents designated as "**HIGHLY CONFIDENTIAL**" shall be disclosed to any person or entity other than those persons designated in paragraphs 7(b), (c), (d), (e), and (f) above. Each Party's counsel shall take reasonable precautions to ensure that no Highly Confidential Information shall be disclosed to any person identified in paragraph 7(a).

9. Any person receiving Confidential Information pursuant to this Protective Order shall maintain such Confidential Information in a secure and safe manner, and the

recipient shall exercise reasonable standards of care with respect to the storage, custody, and use of such Confidential Information so that it is not further disclosed or used, either intentionally or inadvertently, in any manner inconsistent with this Protective Order. Backup copies of electronic communications containing Confidential Information which are automatically generated through Receiving Party's data backup and/or archiving systems and which are not readily accessible by Receiving Party's business personnel shall not be deemed to violate this Order, so long as such backup copies are not disclosed or used in violation of the terms of this Order.

10. At any time after the production of Documents designated as containing Confidential Information under this Protective Order, the Receiving Party may object to the designation by notifying the Producing Party in writing of that objection and specifying the Documents with respect to which the objection is made. The Parties shall, within fifteen (15) business days of service of the written objections, confer concerning the objection, and if unresolved, the objecting Party may then seek relief from the Court.

11. In the event that a Party wishes to use Confidential Information in any document filed with the Court in this Litigation, such Party shall comply with the Local Rules of this Court concerning the filing of sealed documents, unless otherwise directed by the Court.

12. Notwithstanding any of the other provisions of the Protective Order, the confidentiality of any Confidential Information offered into evidence during any proceedings before this Court, or otherwise disclosed to the Court, shall be determined by such orders as the Court may issue. The continued confidentiality of any Confidential Information offered into evidence at trial or any evidentiary or other hearing before the

Court shall be determined by the Court at such time. This Protective Order shall continue to apply to Confidential Information offered to the Court in the absence of a separate Court order governing such Confidential Information.

13. The inadvertent production of Documents containing information protected from disclosure by the attorney-client privilege, work-product doctrine or any other privilege or immunity shall be without prejudice to the right of any Party to claim that such Documents are protected from disclosure and to request that such Documents be returned to the Producing Party. The inadvertent production of such Documents shall not be used as a basis for claiming a waiver, and the Producing Party may "claw back" such Documents, provided that the Producing Party asserts the privilege within thirty days after discovering the inadvertent production of such Documents. In the event of any dispute with respect to whether such Documents are protected from disclosure, the Party claiming that such Documents are protected from disclosure must notify the other Party in writing of the nature of the claim, including specifically identifying the Documents at issue. The Parties shall then confer in good faith as to whether such Documents are protected from disclosure. If the Parties are unable to reach agreement, within thirty days after an impasse is reached, the Party claiming that such Documents are protected from disclosure may file a letter or motion seeking appropriate relief from the Court. In the meantime, the Documents in dispute shall be treated as Confidential Information and also not disclosed to any persons who had not already received it prior to being informed of the inadvertent disclosure until the issue is resolved by the Court.

14. The disclosure of Confidential Information, whether inadvertent, pursuant to court order, or otherwise, shall not constitute a waiver of any trade secret or any

intellectual property, proprietary, or other rights to or in such information. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

15. Nothing in this Protective Order shall bar counsel from rendering advice to their clients with respect to the Litigation and, in the course thereof, relying upon any Confidential Information. Nothing herein limits any use a Producing Party may make of its own Confidential Information.

16. The existence of this Protective Order shall not be used by any Party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure.

17. If any person receiving Documents covered by this Protective Order is served with a subpoena, request for production of documents, or other similar legal process in another proceeding (including any proceeding before any other court, legislature, regulatory agency, law enforcement or administrative body) seeking Confidential Information, that person shall give timely written notice to the Producing Party in order to provide it with a reasonable opportunity to assert any objection to the requested production. If the Producing Party seeks a court order (or other order from any appropriate legislative, regulatory, law enforcement, or administrative body) quashing the subpoena or otherwise preventing the requested production, the Producing Party's Confidential Information shall not be produced, except pursuant to a court order (or other relevant legislative, regulatory, law enforcement, or administrative order which subjects the Party to penalties for noncompliance) requiring compliance with the subpoena,

request for production, or other legal process. The Producing Party shall be solely responsible for asserting any objection and/or obtaining a court order relating to the requested production.

18. The Parties agree to be bound by the terms of this Protective Order pending its entry by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court. The terms of this Order shall be in full force and effect for the duration of the Litigation, including any appeals, and, unless superseded or terminated, shall remain in full force and effect after the termination of the Litigation.

19. Unless otherwise ordered by the Court, each Party permitted to review and maintain Documents containing Confidential Information shall, at its option, either return or destroy such Documents (except for an archival copy of counsel's work product), and shall so certify in writing to counsel for the Producing Party, within thirty (30) days after the conclusion of the Litigation, including any appeals. Unless otherwise ordered by the Court, each non-party permitted to review and maintain Documents containing Confidential Information shall, at its option, either return or destroy such Documents (except for archival copies of work product), and shall so certify in writing to counsel for the Producing Party, within thirty (30) days after counsel for the Producing Party has informed such non-party that the Litigation, including any appeals, has been concluded.

20. The United States District Court for the Southern District of New York retains exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Order upon appropriate motion by a party in interest.

21.  This Order shall not prevent any Party, upon proper notice to all Parties in interest, from applying to the Court for further or additional protective orders or for the modification of this Order or from agreeing with other Parties to modify this Order, subject to the approval of the Court.

Dated: New York, New York
_____, 2013

CONSENTED TO:

_____
Jeffrey W. Herrmann
COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP
Park 80 West, Plaza One
250 Pehle Ave., Suite 401
Saddle Brook, NJ 07663
(201) 845-9600
*Lead Counsel for Plaintiffs*

Date: March 24, 2013

_____
Mark L. Weyman
Evan K. Farber
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
(212) 521-5400
*Attorneys for Defendants*

Date: March 22, 2013

SO ORDERED

Dated: New York, New York
3/25, 2013

_____
U.S.D.J./~~U.S.M.J.~~

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CENTURY 21 DEPARTMENT STORES, LLC FAIR AND ACCURATE CREDIT TRANSACTION ACT (FACTA) LITIGATION. | 12 MDL 2352 (RWS) |

## CERTIFICATION

I, _____, understand and agree that information, documents or materials which are disclosed to me by or on behalf of attorneys for _____, which are designated as "**CONFIDENTIAL**," are Confidential and to be used by me solely in connection with the above-captioned matter and for no other purpose. I further understand and agree that information, documents or materials which are disclosed to me by or on behalf of attorneys for _____, which are designated as "**HIGHLY CONFIDENTIAL**" are Highly Confidential and to be used by me solely in connection with the above-captioned matter and for no other purpose.

I further understand and agree that a Protective Order entered by the Court on _____, 2013, prohibits me from (i) using such information, documents or materials for any other purpose, and (ii) disclosing such information, documents or materials to any person other than such party's attorneys, secretaries, paralegals, consultants, experts, or vendors who are assisting such party's attorneys in connection with the above-captioned matter. I further understand that the Protective Order contains other restrictions on the use of information, documents or materials designated as "**CONFIDENTIAL**" or as "**HIGHLY CONFIDENTIAL**." I understand that there are

greater restrictions on the use of information, documents and materials designated as "HIGHLY CONFIDENTIAL."

In accepting disclosure, I acknowledge that I have received and read the Protective Order. I understand it, and I agree to be bound by the Protective Order and to be subject to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of its enforcement and the enforcement of my obligations under this Certification.

_____
Name:

Dated: